UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

United States of America,

Plaintiff,

vs. REPORT AND RECOMMENDATION

Gene A. Langevin,

Defendant. Civ. No. 01-447 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 7th day of February, 2002.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Motion for Summary Judgment.

A Hearing on the Motion was held on December 13, 2001, at which time the Plaintiff appeared by Lonnie F. Bryan, Assistant United States Attorney, while the Defendant failed to make an appearance, either in person at the Hearing, or by the submission of a Memorandum of Law.

For reasons which follow, we recommend that the Plaintiff's Motion for Summary Judgment be granted.

FILED FEB 07 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. Factual and Procedural Background

This is a student loan recovery case, which was filed on March 9, 2001. The Defendant, Gene A. Langevin, filed a writing, which we indulgently construed as an Answer, and which generally denied the allegations of the Complaint. Specifically, the Defendant wrote as follows:

> I did not receive the sum of 2,500.00, I received a lot less. Need to see checks & cashed [sic].

Notice and Acknowledgment for Service by Mail, at 1 [Docket No. 2]. As the Plaintiff claims that there are no factual disputes remaining for disposition, however, it has moved for Summary Judgment. Other than the initial denial, the Defendant has made no attempt to defend against this action, as reflected by his failure to appear in opposition to the Motion, or to file an opposing Memorandum of Law.

The uncontested Record on Summary Judgment discloses that, in 1985, the Defendant applied for a Guaranteed Student Loan in order to attend the Duluth Technical College. See, Attachment A to Declaration of Deloris Gorham ("Gorham Decl."). The loan was approved in the amount of $2,500.00, at a rate of eight percent, and the original lender was Norwest Bank Duluth N.A. Id. The Defendant signed a Promissory Note for the entire balance of the loan, which was guaranteed by the Higher Education Assistance

Foundation ("HEAF"), on October 22, 1985. See, Attachments B and C to Gorham Decl.

The proceeds from the loan were distributed to the Defendant on approximately November 22, 1985. See, Attachment C to Gorham Decl. Even though the full amount of the loan was $2,500.00, the amount distributed directly to the Defendant was $2,328.12, as a "Guarantee Fee" of $46.88, and an "Origination Fee" of $125.00, was deducted from the total loan proceeds. See, Attachment C to Gorham Decl.

It appears that the Defendant withdrew from school on or about November 27, 1987. See, Attachment F to Gorham Decl. According to the Promissory Note that had been signed by the Defendant, six months after he withdrew from school, his loan was subject to repayment. See, Attachment B to Gorham Decl. Thus, the Defendant was to begin repaying the loan on July 1, 1988. See, Gorham Decl., at ¶20. However, because the Defendant did not repay the loan, the holder of the note -- the Student Loan Marketing Association ("SLMA"), which had purchased the loan from Norwest Bank Duluth NA in February of 1986, see, Attachment D to Gorham Decl. -- requested that the HEAF, as guarantor of the loan, repay the loan amount. See, Attachment E to Gorham Decl. HEAF did so, and paid SLMA $2,680.70, which represented the full amount of the loan's principal, plus accrued interest. See, Attachment F to Gorham Decl.

As required, HEAF attempted to collect the loan, but was only successful in collecting $17.87. See, Attachment F to Gorham Decl. Therefore, in May of 1993, HEAF requested that the United States Department of Education ("DOE"), which reinsured the loan pursuant to Title 20 U.S.C. §1091a, pay the claim. At that time, the amount due, including principal and unpaid interest, was $3,485.36. Id. The DOE did so, and collected $540.00 on May 5, 1997, through retention of the Defendant's Federal income tax refund. See, Attachment H to Gorham Decl. Other collection efforts failed and, as a consequence, the Plaintiff initiated this action, and now seeks the entry of a Summary Judgment.

## II. Discussion

A. Standard of Review. Summary Judgment is not an acceptable means of resolving triable issues, nor is it a disfavored procedural shortcut when there are no issues which require the unique proficiencies of a Jury in weighing the evidence, and in rendering credibility determinations. See, Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). Summary Judgment is appropriate when we have viewed the facts, and the inferences drawn from those facts, in a light most favorable to the nonmoving party, and we have found no triable issue. See, Krentz v. Robertson, 228 F.3d 897, 901 (8th Cir. 2000); Curry v. Crist, 226 F.3d 974, 977 (8th Cir. 2000); Carter v. St. Louis Univ., 167 F.3d 398, 400 (8th Cir. 1999). For

these purposes, a disputed fact is "material" if it must inevitably be resolved, and the resolution will determine the outcome of the case, while a dispute is "genuine" if the evidence is such that a reasonable Jury could return a verdict for the nonmoving party. See, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Herring v. Canada Life Assurance, 207 F.3d 1026 (8th Cir. 2000); Liebe v. Norton, 157 F.3d 574, 578 (8th Cir. 1998); Dodd v. Runyon, 114 F.3d 726, 729 (8th Cir. 1997).

As Rule 56(e) makes clear, once the moving party files a properly supported Motion, the burden shifts to the nonmoving party to demonstrate the existence of a genuine dispute. In sustaining that burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), Federal Rules of Civil Procedure; see also, Anderson v. Liberty Lobby, Inc., supra at 256; Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir. 1999); Jauregui v. Carter Manufacturing Co., 173 F.3d 1076, 1085 (8th Cir. 1999). Moreover, the movant is entitled to Summary Judgment where the nonmoving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, supra at 322;

see also, Hammond v. Northland Counseling Center, Inc., 218 F.3d 886, 891 (8th Cir. 2000); Greer v. Schoop, 141 F.3d 824, 826 (8th Cir. 1998). No genuine issue of fact exists in such a case because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, supra at 323; see also, Bell Lumber and Pole Co. v. United States Fire Ins. Co., 60 F.3d 437, 441 (8th Cir. 1995); McLaughlin v. Esselte Pendaflex Corp., 50 F.3d 507, 510 (8th Cir. 1995); Settle v. Ross, 992 F.3d 162, 163 (8th Cir. 1993).

B. Legal Analysis. The absence of any genuine issue of material fact is clear on the Record submitted, as is the Plaintiff's entitlement to an entry of Summary Judgment. To succeed in a case such as this, the Plaintiff must only show three things: "(1) the defendant is the person who issued the note; (2) the government owns the note; and (3) the note is unpaid." United States v. Durbin, 64 F. Supp.2d 635, 636 (S.D. Tex. 1999); see also, United States v. Davis, 2002 WL 169603 at *1 (6th Cir. January 31, 2002)[unpublished decision]; United States v. Lawrence, 276 F.3d 193, 196 (5th Cir. 2001); United States v. Williams, 187 F.3d 645, 1999 WL 603846 at *1 (8th Cir. August 11, 1999)[Table Decision] ("The government's evidence established (1) the note's existence, (2) the government's rights under the note, (3) the defendant's

signature and failure to pay, and (4) the amount owed under the note."). The Government has provided sufficient evidence of each of these elements. Specifically, the Defendant did apply, and was granted, a $2,500.00 loan in 1985, and he signed a promissory note for that amount on October 22, 1985. See, Attachments A, B and C to Gorham Decl. Moreover, because the Defendant failed to pay the note, as evidenced by the Attachments to the Declaration of Deloris Gorham, it was assumed by the DOE in May of 1993. See, Attachment F to Gorham Decl.

The Defendant's only defense in this action is his summary assertion that he did not receive the entire $2,500.00. See, Docket No. 2. We note that, while it is true that the Defendant did not receive the full $2,500.00 remittance, as fees were deducted from the full loan amount prior to distribution of the money, see, Attachment C to Gorham Decl., the Plaintiff, nonetheless, agreed to pay the entire amount of the loan -- that is, $2,500.00, plus interest. See, Attachment A to Gorham Decl. Thus, the Plaintiff has competently shown that the Defendant executed the promissory note, that he defaulted on the note, and that the Plaintiff is the holder of the note. Accordingly, we recommend that the Plaintiff's Motion for Summary Judgment be granted, and that a Judgment be entered against the Defendant for the full principal

sum outstanding,[1] together with prejudgment interest, post judgment interest, and costs.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Motion for Summary Judgment [Docket No. 3] be GRANTED.

2. That the Clerk of Court be directed to enter Judgment against the Defendant in the sum of $2,680.70, plus prejudgment and post-Judgment interest to date, and such other costs and expenses as authorized by law.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than February 25, 2002,**

---

[1]The outstanding principle is now $2,680.70, which represents the original $2,500.00, plus $180.70 which was unpaid, accrued interest at the time that the note was assigned to HEAF. See, Gorham Decl., at ¶21.

a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than February 25, 2002,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.